# UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| **COAST RUNNER, INC.**,<br>        Plaintiff,<br><br>    vs.<br><br>**KICKSTARTER, PBC; INDIEGOGO,<br>INC.; LABEL CREATIVE, LLC; JOHN<br>DOES #1 AND #2**,<br>        Defendants. | Case No. 7:24-CV-00326 |

## PLAINTIFF'S OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

JUDD E. STONE II
CHRISTOPHER D. HILTON
ARI CUENIN
CAROLINE MERIDETH
CODY C. COLL
**STONE HILTON PLLC**
600 Congress Ave.
Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
caroline@stonehilton.com
cody@stonehilton.com

Plaintiff Coast Runner, Inc. served targeted requests for discovery on Defendant Indiegogo, Inc., but Indiegogo has baselessly refused to produce documents. Indiegogo rests that refusal entirely on the pendency of its motion to compel arbitration. But Indiegogo will be required to produce the same responsive documents whether this case proceeds here or in arbitration. And, in the absence of a protective order, the pendency of that motion is not a valid basis to withhold responsive documents. Therefore, Plaintiff moves for an order overruling Indiegogo's objections.

Plaintiff has been moving this litigation forward at the expected pace and gave ample opportunity for Indiegogo to seek relief from this Court. Plaintiff openly discussed its discovery plan with all Defendants at the February 28, 2025 Rule 26(f) conference, including Plaintiff's intent to serve discovery requests to all parties. Following that conference, Plaintiff served Indiegogo seven limited requests for production on April 2, 2025, targeting documents critical to Plaintiff's anti-trust claims, including relevant communications between the conspirators, information relevant to Plaintiff's claim for punitive damages, and documents exchanged with other parties or third parties in discovery. After requesting and receiving a 10-day extension of the deadline to respond, Indiegogo refused to produce any responsive documents. Indiegogo claims generally that responding to Plaintiff's requests for production until its motion to compel arbitration is resolved would be unduly burdensome and impose annoyance and embarrassment. Indiegogo's attempts to avoid participating in discovery are futile. Indiegogo should not be permitted to delay this case by dodging its discovery obligations.

## BACKGROUND[1]

Crowdfunding offers a unique and highly advantageous means to bring high-tech hardware products like milling machines to market. The market for crowdfunding such products is an

---

[1] Facts stated in this section are taken from Plaintiff's Amended Complaint, ECF No. 30.

effective duopoly; Kickstarter, PBC and Indiegogo dominate the space almost completely. Both duopolists initially and enthusiastically agreed to host campaigns for Plaintiff's milling machine, the CR-1. But when ideologically motivated external actors threatened to harm the duopolists if they worked with Plaintiff, Kickstarter and Indiegogo each abruptly and pretextually ended the campaigns. Together with Plaintiff's crowdfunding consultant, Label Creative LLC ("LaunchBoom"), the duopolists engaged in an anticompetitive conspiracy to exclude Plaintiff and the CR-1 from crowdfunding, leaving that distinctively beneficial source of funding inaccessible. Plaintiff thus missed out on millions of dollars of revenue, a capital infusion Plaintiff could have generated without surrendering equity ownership and without taking on debt, all while proving a market for the CR-1 and generating industry buzz around the new product.

The conspiracy and resulting boycott were vital to the platforms' and LaunchBoom's economic wellbeing. Having initially backed Plaintiff, Kickstarter, Indiegogo, and LaunchBoom, all risked costly PR backlash if they continued hosting and assisting with Plaintiff's campaign and costly user backlash if the full context became public. Kickstarter and Indiegogo's highest leaders communicated directly with each other and with LaunchBoom and agreed to bar Plaintiff's participation in the market they dominate and control. The resulting boycott directly harmed competition in the market for machines like the CR-1 by reducing output, inhibiting innovation, and raising prices. Plaintiff sued Kickstarter, Indiegogo, LaunchBoom, and two Doe defendants, all of whom participated in or facilitated the collusion.

This litigation has proceeded apace. Each named Defendant has moved to dismiss the claims against it, and each has attempted to transfer those claims to other inappropriate fora. Those motions remain pending, including Indiegogo's motion to compel arbitration, ECF 16, which forms the basis for Indiegogo's refusal to search for and produce responsive documents. The

parties have conducted case management conferences and are negotiating an agreed protective order and ESI protocol. On April 2, 2025, Plaintiff served seven straightforward, targeted requests for production on Indiegogo. Those requests seek:

**No. 1.** Communications related to Cody Wilson, Garret Walliman, Plaintiff, the CR-1, the proposed crowdfunding campaign for the CR-1, Defense Distributed, or the Ghost Gunner.

**No. 2.** Communications with political actors concerning Cody Wilson, Garret Walliman, Plaintiff, the CR-1, the proposed crowdfunding campaign for the CR-1, Defense Distributed, or the Ghost Gunner.

**No. 3.** Calendars and related entries concerning Cody Wilson, Garret Walliman, Plaintiff, the CR-1, the proposed crowdfunding campaign for the CR-1, Defense Distributed, or the Ghost Gunner.

**No. 4.** Materials sufficient to show Indiegogo's current financial position, ability to pay any future judgment, and corporate value.

**No. 5.** Materials regarding Indiegogo's insurers, insurance policies, and indemnity rights, or third-party payors who may satisfy any judgment.

**No. 6.** Documents exchanged in discovery, including with third parties.

**No. 7.** Engagement letters and fee arrangements with Indiegogo's counsel.

Appx. 9-10.

Indiegogo's deadline to respond to those requests was May 2, 2025. FED. R. CIV. P. 34(b)(2)(A). After a 10-day extension, Indiegogo served improper objections to the requests, citing the pending motion to compel arbitration as its basis for withholding responsive documents. *E.g.* Appx. 20. Indiegogo claims generally that responding to Plaintiff's requests for production until the motion to compel arbitration is resolved would be unduly burdensome, disproportionate to the needs of the case, and imposes undue annoyance and embarrassment. Appx. 20. Indiegogo also claims engaging in discovery would risk waiving its right to arbitrate by participating in discovery while the motion to compel arbitration is pending. Appx. 20. Per the Court's scheduling order, the parties must complete fact discovery by June 26, 2026, and trial is set April 5, 2027. ECF 26.

On June 27, 2025, Plaintiff served Indiegogo a discovery deficiency letter identifying Indiegogo's improper bases for withholding responsive documents. Appx. 35-38. Indiegogo and Plaintiff met and conferred on July 18, 2025, and exchanged additional correspondence the following week. Appx. 40-43. The parties are at an impasse.

## LEGAL STANDARD

District judges enjoy "broad discretion in all discovery matters," *Shumpert v. City of Tupelo*, 905 F.3d 310, 325-26 (5th Cir. 2018), and have inherent power to control the proceedings in their courts, *see Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). After notice and conference, a party may move for an order compelling production of documents. FED. R. CIV. P. 37(a). The scope of discovery is broad, and parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Once the moving party establishes that the documents it seeks "are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Lozano v. Baylor Univ.*, 339 F.R.D. 447, 450 (W.D. Tex. 2020). "A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

## ARGUMENT AND AUTHORITIES

The Court should overrule Defendant Indiegogo's objections based on its motion to compel arbitration. Plaintiff's limited requests are both relevant and will lead to the discovery of admissible evidence. Indiegogo cannot meet its burden to show the requests objectionable because it has failed to substantiate its claims that Plaintiff's requests are annoying, embarrassing, or oppressive. And no undue burden exists because Indiegogo will have to produce the same case-

relevant documents whether the case proceeds here or in arbitration. In any event, Indiegogo should have sought a stay of discovery or a protective order, but it sought neither.

## I.    Plaintiff Served Limited Requests for Production Seeking Relevant and Material Information.

Plaintiff's seven targeted requests for production seek critical communications and documents directly relevant to Plaintiff's claims of anti-competitive activities and Plaintiff's ability to recover punitive damages. Indeed, Plaintiff's requests are standard-issue in almost any civil litigation. Evidence is relevant if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." FED. R. EVID. 401. That test is a low bar that each request meets.

First, Plaintiff requested communications, internal and external, that relate to Plaintiff, Plaintiff's two founders, the CR-1, the Indiegogo campaign for the CR-1, Defense Distributed, and the Ghost Gunner. Appx. 9. Defense Distributed is a separate, firearms-related venture that one of Plaintiff's founders owns and operates. ECF 30 ¶ 30. And the Ghost Gunner is that entity's flagship product, a special purpose mill designed for gunsmiths and hobbyists to manufacture and repair firearm parts. ECF 30 ¶¶ 32-33. Communications about the enumerated topics are directly relevant to Plaintiff's allegations that the conspirators, including Indiegogo, instituted their illegal boycott because of pressure from the Doe Defendants in opposition to Defense Distributed and the Ghost Gunner. ECF 30 ¶¶ 79-80, 85, 88, 101. Because, under the Sherman Act, Plaintiff must prove that Indiegogo "engaged in a conspiracy," *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 843 (5th Cir. 2015), and because communications about these topics are likely to prove Plaintiff's allegations about that conspiracy, those communications are relevant. Further, whether a conspiracy occurred, who participated, the motivation behind the conspiracy, and other details are facts of consequence to Plaintiff's claim. Indiegogo cannot reasonably argue the contrary.

5

Second, Plaintiff requested Indiegogo's communications with various political actors concerning the same topics. Again, Plaintiff's central allegation in this case charges Indiegogo with boycotting Plaintiff for its own economic gain and to avoid public backlash after pressure from the Doe Defendants, who Plaintiff alleges are activists or political animals of some nature. ECF 30 ¶¶ 79-80. Plainly, communications with political actors who may have exerted pressure on members of the conspiracy to enact an anticompetitive boycott are relevant and material to Plaintiff's claims for essentially the same reasons just discussed.

Third, Plaintiff requested Indiegogo's calendars, activity logs, and similar records concerning, again, the same limited topics. Once again, such documents are highly relevant to prove when, where, who, how, and why the conspirators agreed to boycott Plaintiff.

Fourth, Plaintiff requested information relevant to Indiegogo's financial position, net worth, and ability to pay. Such information is relevant and discoverable when a claimant has pleaded a claim for punitive or exemplary damages. *Reed v. Wayans*, 2008 WL 11417016, at *1 (W.D. Tex. Oct. 16, 2008).

Fifth, Plaintiff requested information about Indiegogo's insurers, insurance policies, indemnity rights, and other third-parties who may be liable or willing to satisfy any judgment against Indiegogo. Some such information is subject to mandatory disclosure, FED. R. CIV. P. 26(a)(1)(A)(iv) (requiring production of "any insurance agreement" pertinent to the claims), and information about any other indemnity rights or third-party payment for Indiegogo's liability is likewise discoverable, *see Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 471 (N.D. Tex. 2015).

Sixth, Plaintiff requested documents exchanged with any other parties to this litigation and with third parties in discovery. Of course, only documents within the scope of discovery will be

exchanged in discovery, so Indiegogo cannot object that this request seeks documents outside that scope.

Finally, Plaintiff requested Indiegogo's engagement letters and fee arrangements with its counsel. Akin to information about financial position and net worth, this information is relevant to Plaintiff's claim for attorneys' fees and to any claim Indiegogo might assert to recover fees of its own in or at the conclusion of this litigation. *See Jackson v. County of Bexar*, 2009 WL 10699965, at *8 (W.D. Tex. Oct. 1, 2009); *Abraham v. Cavender Boerne Acquisition of Tex., Ltd.*, 2011 WL 13127173, at *9 (W.D. Tex. Apr. 26, 2011). And such information is not protected by the attorney-client privilege. *Levingston v. Allis-Chalmers Corp.*, 109 F.R.D. 546, 551 (S.D. Miss. 1985).

## II.    Indiegogo's Pending Motion to Compel Arbitration does not Relieve Indiegogo of its Obligation to Produce Documents.

Indiegogo cannot avoid its discovery obligations by pointing to its pending motion to compel arbitration. Nevertheless, Indiegogo claims the requests impose "annoyance, embarrassment, oppression, and/or undue burden or expense" because they are "premature" in light of that motion. Appx. 20. Indiegogo also complains that it might be "forc[ed]" to "risk waiving its right to arbitrate by substantially participating in discovery." Appx. 20.

The latter argument can be easily dispelled. Put simply, participation in discovery during the pendency of a motion to compel is not waiver. To waive any real or purported right to arbitration, a party must "engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Engebretson v. Randolph-Brooks Fed. Credit Union*, 2024 WL 2871317, at *3 (W.D. Tex. May 21, 2024). Indiegogo has made clear, by filing a motion to compel arbitration, that it desires *not* to resolve this dispute in litigation. Participating in discovery during the pendency of that motion does not evince a contrary desire. Rather, engaging in mandatory litigation activities such as participating in a Rule 26(f) conference

and complying with discovery obligations merely means doing what is required by the Federal Rules until and unless the Court compels arbitration. *Id.* (participation in discovery, even before moving to compel arbitration, did not constitute waiver). In any event, Plaintiff hereby represents it will not assert that Indiegogo has waived the arguments presented in its motion to compel arbitration because it engages in routine discovery either because the Federal Rules require it or because this Court orders Indiegogo to do so.

Indiegogo's other objections likewise fail on their merits. First, the objections do not state whether responsive documents are being withheld, do not specify on what basis any documents are being withheld, and "make no attempt to show the application of each objection to the particular request." *In re Adkins Supply, Inc.*, 555 B.R. 579, 588 n.9 (N.D. Tex. 2016) (citation omitted). Instead, they are general objections that courts usually deem ineffective and waived. *Id.* Because Indiegogo did not explain how, even in light of its pending motion to compel arbitration, the requests would work any "annoyance, embarrassment, [or] oppression," those objections are not made with any specificity, violate Rule 34, and should be deemed waived and stricken. *Crow v. ProPetro Servs., Inc.*, 2016 WL 9776368, at *4 (W.D. Tex. June 6, 2016) (Counts, M.J.); *New Belgium Brewing Co. v. Travis Cnty. Brewing Co.*, 2015 WL 13227999, at *2 (W.D. Tex. Dec. 18, 2015).

Second, the requests do not, as a matter of fact, work any annoyance, embarrassment, or oppression. Again, Indiegogo has not explained in any way how these objections apply to Plaintiff's requests. Plaintiff need not, at this phase, attempt to manufacture an argument for Indiegogo or otherwise anticipate what Indiegogo might argue, if anything. *See Lozano*, 339 F.R.D. at 450 (the requesting party's burden is only to show the requests seek relevant information). But Indiegogo's argument, whatever it may be, must be founded in a "particular and

specific demonstration of fact, as distinguished from stereotyped and conclusory statements," *EEOC v. Exxon Mobil Corp.*, 347 F.R.D. 451, 459 (M.D. La. 2024), supported by affidavits or other evidentiary proof, *McKinney/Pearl Rest. Partners v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242 (N.D. Tex. 2016). Ultimately, Indiegogo has the high burden to show that any annoyance, embarrassment, or oppression outweighs the probative value of the information sought, which is set out above. It should go without saying the communications between the conspirators about the subject of the conspiracy and other documents and records concerning the subject of the conspiracy are of the highest probative value in this antitrust case. *See, e.g.*, *Tunica Web Advert. v. Tunica Casino Operators Ass'n*, 496 F.3d 403, 410 (5th Cir. 2007) (emails showing a "gentlemen's agreement" not to deal constituted direct evidence of the conspiracy).

Third, Indiegogo's undue-burden objection is unfounded. Although fatally lacking detail as to the time, expense, and burden involved in responding, *see Adkins Supply*, 555 B.R. at 590, the objection indicates Indiegogo's belief that it "should not be required to devote its resources" to responding because the requests "will be unnecessary, overly burdensome, and disproportionate" if the Court compels arbitration, Appx. 20. That notion is without support. If the Court compels arbitration, Indiegogo will still have to turn over all the documents Plaintiff has requested. The arbitration agreement Indiegogo claims governs here provides that Plaintiff's claims would be governed by the JAMS Comprehensive Arbitration Rules and Procedures.[2] ECF 16-4 at 11. Those rules provide that "[t]he Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and other information (including electronically stored information ("ESI")) relevant to the dispute or claim immediately after

---

[2] Cited herein as "JAMS Comp. R." and available at https://www.jamsadr.com/rules-comprehensive-arbitration/.

commencement of the Arbitration," and that "[a]s they become aware of new documents or information . . . all Parties continue to be obligated to provide relevant, nonprivileged documents." JAMS Comp. R. 17(a), (c). In other words, Indiegogo will be obligated to produce all the documents and information Plaintiff has requested even if this case proceeds in arbitration. Therefore, Plaintiff's requests are neither unnecessary nor premature. Instead, responding to those requests now would be a productive use of time and would expedite completion of arbitration, should the Court compel it.

Finally, it must be noted that pending motions to compel arbitration do not excuse a party from responding to discovery requests. *See Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (noting no federal rule, statute, or binding case law operates to stay discovery pending a motion to compel arbitration). And, moreover, Indiegogo withheld discovery here on an improper basis. Absent a pending motion for a protective order, Indiegogo was under an obligation to respond appropriately and to produce documents. *Villanueva v. Regis-Bernard Furniture Co.*, 2010 WL 11597938, at *4 (W.D. Tex. Nov. 5, 2010) (noting that "withholding discovery is unacceptable unless [the responding party] ha[s] 'a pending motion for a protective order'"). Indiegogo did not comply with that obligation, and its conduct should not be rewarded.

## CONCLUSION AND PRAYER

The Court should overrule Indiegogo's objections and order Indiegogo to promptly produce all materials responsive to Plaintiff's Requests for Production.

July 25, 2025                                  Respectfully submitted.

                                               */s/ Christopher D. Hilton*
                                               Judd E. Stone II
                                               Texas Bar No. 24076720
                                               Christopher D. Hilton
                                               Texas Bar No. 24087727
                                               Ari Cuenin
                                               Texas Bar No. 24078385
                                               Caroline Merideth
                                               Texas Bar No. 24091501
                                               Cody C. Coll
                                               Texas Bar No. 24116214
                                               STONE HILTON PLLC
                                               600 Congress Ave.
                                               Suite 2350
                                               Austin, TX 78701
                                               Telephone: (737) 465-7248
                                               judd@stonehilton.com
                                               chris@stonehilton.com
                                               ari@stonehilton.com
                                               caroline@stonehilton.com
                                               cody@stonehilton.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all counsel of record on July 25, 2025, via the Court's CM/ECF system.

                                               */s/ Christopher D. Hilton*
                                               Christopher D. Hilton

## CERTIFICATE OF CONFERENCE

I certify that the parties have conferred, beginning with Plaintiff sending a discovery deficiency letter to Indiegogo on June 27, 2025 and conferring regarding the issues raised in the letter via Zoom video conference on July 18, 2025, and continuing with email correspondence through July 25, 2025. The parties remain at an impasse as to the subject matter of this motion.

                                               */s/ Christopher D. Hilton*
                                               Christopher D. Hilton

11