UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| COAST RUNNER, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>KICKSTARTER, PBC; INDIEGOGO, INC.; LABEL CREATIVE, LLC.; JOHN DOES #1 AND #2,<br><br>　　Defendants. | **Civil Action No. 7:25-cv-396-DC-RCG**<br>District Judge David Counts<br>Magistrate Judge Ronald C. Griffin |

**DEFENDANT INDIEGOGO, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION AND STAY (ECF NO. 88)**

Plaintiff Coast Runner, Inc. filed this action in the United States District Court for the Western District of Texas on December 9, 2024. (ECF No. 1).[1] Defendant Indiegogo, Inc. ("Indiegogo") filed a Motion to Sever and Transfer Venue, or, in the Alternative, Motion to Compel Arbitration and Stay on February 28, 2025, requesting that this action either be transferred to the United States District Court for the Northern District of California, or that Plaintiff's claims against Indiegogo be ordered to arbitration pursuant to the forum-selection and arbitration clauses that Plaintiff agreed to within Indiegogo's Terms of Use. (ECF No. 16). On August 14, 2025, Magistrate Judge Ronald C. Griffin of this Court granted in part Indiegogo's motion, transferring this action to the Northern District of California pursuant to the forum-selection clause but declining to rule on the arbitration portion of Indiegogo's motion, instead reserving that issue for the Northern District of California. (ECF No. 58).

Pursuant to Judge Griffin's Order granting in part Indiegogo's motion, this case was transferred to the Northern District of California on August 15, 2025. (ECF No. 59). And, given Judge Griffin's directive that the arbitration issue should be decided by that Court, Indiegogo renewed its Motion to Compel Arbitration and Stay on August 29, 2025, in the Northern District of California, re-asserting the arguments in support of enforcing Indiegogo's arbitration clause within its Terms of Use with respect to operative California law. (ECF No. 88). Chief Judge Richard Seeborg of the Northern District of California subsequently transferred this action back to the Western District of Texas that same day to allow this Court to assess any forthcoming objections under Federal Rule of Civil Procedure 72 regarding this Court's transfer decision. *See* ECF No. 91; Fed. R. Civ. P. 72. Plaintiff then filed a Motion to Stay Pending Plaintiff's Objections to the Magistrate Judge's Transfer Ruling (ECF No. 94), which this Court granted on

---

[1] Plaintiff has since amended its complaint. *See* ECF No. 30.

1

September 10, 2025. (ECF No. 95). Two days later, Plaintiff filed its opposition to Indiegogo's renewed Motion to Compel Arbitration and Stay. (ECF No. 96). That opposition summarily objects to Indiegogo's request to compel arbitration "for substantially the same reasons articulated in Plaintiff's Response and Brief in Opposition to Defendant Indiegogo, Inc.'s Motion to Transfer or Compel Arbitration. ECF 28." (ECF No. 96 at 4). Accordingly, Indiegogo now files its reply in support of its Motion to Compel Arbitration and Stay. None of Plaintiff's arguments to the contrary are controlling or persuasive; its claims against Indiegogo should be ordered to arbitration.

First, Plaintiff and Indiegogo formed a valid agreement to arbitrate. Under either Texas or California law, clickwrap agreements including arbitration provisions—such as the one that Plaintiff assented to twice—are valid and enforceable. *See, e.g.*, *Roberson v. Experian Info. Sols., Inc.*, 2022 WL 62270, at *4 (W.D. Tex. Jan. 5, 2022) (finding valid and enforceable arbitration agreement assented to within terms of use); *Chatman v. Cap. One Bank (USA), N.A.*, 2023 WL 6056992, at *2–3 (W.D. Tex. Sept. 15, 2023) (concluding same and collecting cases); *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 931-35 (N.D. Cal. 2024) (concluding party assented to arbitration agreement within terms of use and granting motion to compel arbitration); *Babaeva v. J. Crew Grp., LLC*, 2023 WL 7346079, at *1–2 (N.D. Cal. Nov. 6, 2023) (enforcing arbitration clause and compelling arbitration based on party's assent to same within terms of use). In fact, Judge Griffin already concluded that the forum-selection clause within Indiegogo's Terms of Use was valid and enforceable, and there should be no different result with respect to the arbitration clause. *See* ECF No. 58 at 9 ("Accordingly, the Court finds Defendant Indiegogo's forum selection clause is mandatory, valid, and the issues in this suit fall within its purview.").

Second, Plaintiff and Indiegogo agreed that an arbitrator would decide gateway issues of arbitrability through a broad delegation clause. Indiegogo's Terms of Use provide that "[t]he

*arbitrator*, and not any federal, state, or local court or agency, shall have *exclusive authority* to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of" Indiegogo's Terms of Use, including "*whether a claim is subject to arbitration*." (ECF No. 88 at 10, 15 (emphasis added)). Again, under either Texas or California law, such delegation clauses are valid and routinely enforced. *See, e.g.*, *Shah v. CrowdStreet, Inc.*, 2025 WL 2318942, at *6–7 (W.D. Tex. July 11, 2025) (enforcing delegation clause within terms of use providing arbitrator with "exclusive authority and jurisdiction to make all procedural and substantive decisions regarding a Dispute, including the determination of whether a dispute is arbitrable"); *Silva v. WhaleCo, Inc.*, 2024 WL 4487421, at *5 (N.D. Cal. Oct. 10, 2024) (enforcing delegation clause within terms of use providing that the "arbitrator shall have exclusive authority to resolve any Dispute, including, without limitation, disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement . . . .").

Even if the issue of arbitrability were to be decided in court, Plaintiff's antitrust claims are clearly covered by the arbitration clause that Plaintiff assented to twice. The arbitration clause at issue expressly provides that it is "intended to be interpreted broadly and governs *any and all disputes* between [Plaintiff and Indiegogo], including but not limited to claims arising out of or relating to *any aspect* of the relationship between" Plaintiff and Indiegogo. (ECF No. 88 at 9 (emphasis added)). Put simply, the arbitration clause which Plaintiff assented to (twice) applies to "any and all disputes" between Plaintiff and Indiegogo, and this is a dispute between Plaintiff and Indiegogo. *Id.* Further, Plaintiff's claims arise out of allegations of wrongdoing in connection with Indiegogo's decision to terminate Plaintiff's crowdfunding campaign, which was necessarily governed by Indiegogo's Terms of Use. For instance, the Terms of Use govern Indiegogo's

termination policy and explicitly state that "Indiegogo reserves the right to suspend or terminate a Campaign if it does not comply with this agreement or in its sole discretion." (ECF No. 88-4 at 8). The underlying conduct, *i.e.*, the termination of Plaintiff's campaign which gives rise to Plaintiff's claims, is explicitly covered by Indiegogo's Terms of Use. Plaintiff, therefore, has no colorable argument that the parties never agreed to arbitrate the antitrust claims at issue in this action, or that the arbitration clause neither delegates arbitrability nor covers Plaintiff's claims. *See* ECF No. 28 at 14–20.

Third, Plaintiff will not be deprived of any substantive rights by being compelled to uphold its word and arbitrate its claims against Indiegogo. *Id.* at 20–21. Plaintiff initially contends on this point that arbitration would be unconscionable because the "Sherman Act mandates treble damages," while the JAMS Rules state that "[t]he Arbitrator *may* grant any remedy or relief that is just and equitable and within the scope of the Parties' Agreement, including, but not limited to, specific performance of a contract or any other equitable or legal remedy." *Id.* at 20-21. But the JAMS Rule Plaintiff quotes from plainly states that "*any* . . . legal remedy" is available in arbitration and Plaintiff does not cite to any provision either in the JAMS Rules or Indiegogo's Terms of Use that would prevent it from obtaining damages in an arbitration. JAMS Rule 24(c).

Plaintiff similarly contends that arbitration would be unconscionable because attorney's fee awards for its antitrust claims are "mandatory" while the "JAMS Rules have no mandatory award and only provide that attorneys' fees *'may'* be allocated." (ECF No. 28 at 21). This too is a red herring, as Plaintiff's own citation highlights that attorney's fees are still available in arbitration and Plaintiff offers no authority for the proposition that antitrust claims cannot be ordered to arbitration on this basis. *See* JAMS Rule 24(g) ("The award of the Arbitrator may allocate attorneys' fees and expenses and interest . . . if provided by the Parties' Agreement *or allowed by*

*applicable law*.") (emphasis added); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) ("Both the Supreme Court and this court have held that antitrust claims are arbitrable."). And, finally, Plaintiff argues that arbitration would be unconscionable because "Plaintiff's ability to conduct discovery will be severely limited." (ECF No. 28 at 22). Yet again, Plaintiff provides no authority to support the position that the more limited discovery procedures in arbitration proceedings compels the conclusion that this case cannot be ordered to arbitration. Accordingly, Indiegogo's arbitration clause is valid and enforceable, and Plaintiff's claims as to Indiegogo should be ordered to arbitration and stayed pending resolution of that arbitration.

## **CONCLUSION**

Given the unique procedural history of this case and Plaintiff's filing of its opposition on the Western District of Texas docket, Indiegogo hereby files this reply in support of its Motion to Compel Arbitration and Stay in the same location.[2] Indiegogo respectfully submits that ruling on this motion is best reserved until Plaintiff's forthcoming Rule 72 objections to Judge Griffin's Order are ruled on. If Plaintiff's Rule 72 objections are overruled and this case is transferred back to the Northern District of California, that Court will rule on the issue of arbitration consistent with Judge Griffin's original transfer Order. If Plaintiff's Rule 72 objections are sustained and this case remains in the Western District of Texas, then the issue of arbitration will again be ripe for this Court to decide.

For the foregoing reasons, Indiegogo respectfully requests that Plaintiff's claims as to Indiegogo be ordered to arbitration, and that such claims are stayed pending resolution of that arbitration.

---

[2] Just as with numerous other assertions, Plaintiff provides no support for the proposition that the Northern District of California's transfer renders Indiegogo's renewed motion to compel arbitration moot. (ECF No. 96 at 3).

Dated: September 19, 2025                    Respectfully submitted,

**PAUL HASTINGS LLP**

*/s/ Paul R. Genender*
Paul R. Genender (#00790758)
paulgenender@paulhastings.com
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
(972) 936-7500

Ryan P. Phair (admitted *pro hac vice*)
ryanphair@paulhastings.com
Samuel J. Thomas (admitted *pro hac vice*)
samthomas@paulhastings.com
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1751

***Attorneys for Defendant***
***INDIEGOGO, INC.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically filed in compliance with local rules. As such, this document was served on all known counsel who have consented to electronic service on this 19th day of September, 2025.

>     */s/ Paul R. Genender*
>     Paul R. Genender