IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| COAST RUNNER, INC.,<br>       Plaintiff,<br><br>v.<br><br>KICKSTARTER, PBC; INDIEGOGO, INC.;<br>LABEL CREATIVE, LLC; JOHN DOE #1;<br>and JOHN DOE #2,<br>       Defendants. | Case No. 7:25-cv-00396-DC-RCG<br><br>District Judge David Counts<br>Magistrate Judge Ronald C. Griffin |

**DEFENDANTS' JOINT STATEMENT IN RESPONSE
TO PLAINTIFF'S STATEMENT OF APPEAL AND OBJECTIONS TO
ORDER GRANTING IN PART AND DENYING IN PART
<u>MOTIONS TO SEVER AND TRANSFER VENUE</u>**

Plaintiff Coast Runner, Inc., filed its Objections (ECF No. 98) to Magistrate Judge Griffin's Order (ECF No. 58) that transferred this case to the Northern District of California under 28 U.S.C. § 1404(a) pursuant to the forum-selection clause in Plaintiff's agreement with Indiegogo on September 24, 2025. Plaintiff's Objections to Magistrate Judge Griffin's ruling on a non-dispositive issue—forum—arise under Rule 72(a) and, therefore, do not provide the non-objecting parties with a brief in opposition as of right. Consequently, Defendants Kickstarter, PBC, Indiegogo, Inc., and Label Creative, LLC (together, "Defendants") respectfully submit this short statement to make three points.

***First***, Magistrate Judge Griffin's Order was correct in enforcing Indigogo's forum-selection clause. This issue involves a simple forum-selection clause stating that "Legal Disputes Not Subject to Arbitration Will Be Handled in San Francisco, CA." ECF No. 16-4 ¶ 18. Coast Runner has never disputed the validity or enforceability of the clause; the phrase "will be" is understood to reflect a mandatory clause (ECF No. 16 at 8); and the clause applies to "Legal Disputes" involving Indiegogo and Plaintiff not in arbitration. Because the forum-selection clause

is valid, enforceable, mandatory, and applies to this case, Magistrate Judge Griffin correctly enforced it. *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 367 (5th Cir. 2024). The standard of review for Rule 72(a) objections is a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Pursuant to that deferential standard, Plaintiff's objections to Magistrate Judge Griffin's Order should be overruled because Magistrate Judge Griffin's decision to transfer the entire case, including Plaintiff's case against Kickstarter and Label Creative, was well within the Court's discretion.[1]

***Second***, Plaintiff's Objections are largely predicated on the new argument that Magistrate Judge Griffin needed to decide whether Plaintiff's claims against Indiegogo must be ordered to arbitration before transferring the case to the Northern District of California, along with a Declaration from an employee arguing in favor of venue in Midland. Because Plaintiff did not

---

[1] Kickstarter further notes that Magistrate Judge Griffin correctly found Coast Runner's claims are "most certainly" encompassed within Kickstarter's terms of service (and forum selection clause). ECF No. 58 at 9. Label Creative also notes that Magistrate Judge Griffin correctly found the forum selection clause in its Terms and Conditions to be valid and applicable. *Id*. at 10. Magistrate Judge Griffin only denied Kickstarter's and Label Creative's motions to transfer, ECF Nos. 19 and 42, on the grounds that their forum selection clauses conflicted with Indiegogo's and that: (1) "Defendant Indiegogo's contract is the only one that contains an arbitration clause in addition to its forum selection clause"; (2) "perhaps most crucial, Defendant Kickstarter—the only New York party—consents to transfer to California"; and (3) "while Defendant Label Creative's Motion seeks transfer to the Southern District of California, its forum selection clause only requires that claims be adjudicated in the state of California." *Id.* at 10. In the event that this Court were to find for Coast Runner on its objection, Kickstarter reserves its right to renew its motion to transfer this action pursuant to its binding forum selection provision requiring Coast Runner to litigate its claims in Federal Court in New York; and Label Creative reserves its right to renew its motion to transfer this action to the Southern District of California pursuant to its binding forum selection clauses.

make these arguments to Magistrate Judge Griffin, they should be disregarded. *See My Health, Inc. v. ALR Techs., Inc.*, 2020 WL 122933, at *5 (E.D. Tex. Jan. 10, 2020) ("This is a new argument that was not raised in the original briefing for consideration by Magistrate Judge Payne, and it is improperly brought now in the form of an objection. Accordingly, Defendants' objections are OVERRULED on this ground.") (internal citation omitted) (citing *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001)). Even if these points are considered, they should be rejected. Magistrate Judge Griffin reasonably concluded that it was "wise to allow the transferee court to determine the applicability and implications of the arbitration clause." ECF No. 58 at 9 n.5.[2] The forum-selection clause applies to all disputes not in arbitration, and this dispute is not in arbitration; so, Magistrate Judge Griffin reasonably concluded that the issue of arbitration could be deferred. And the Section 1404(a) private interest factors that might be supported by Plaintiff's new Declaration are conclusively outweighed by the applicable forum-selection clause, because where—as here—such a clause exists, the private interest factors support transfer "as [a] matter of law." *In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014).

**Third** and finally, Defendants respectfully state that Plaintiff's Objections are baseless and should be summarily overruled. Should the Court desire full briefing on the Objections, however, Defendants are prepared to submit briefs in opposition if the Court so Orders.

---

[2] Consistent with Magistrate Judge Griffin's instruction, Indiegogo renewed its request to compel arbitration in ECF No. 88.

Dated: October 8, 2025                             Respectfully submitted,

                                                     **PAUL HASTINGS LLP**

*/s/ Paul R. Genender*
Paul R. Genender
Texas Bar No. 00790758
paulgenender@paulhastings.com
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
(972) 936-7500

Ryan P. Phair (admitted *pro hac vice*)
ryanphair@paulhastings.com
Samuel J. Thomas (admitted *pro hac vice*)
samthomas@paulhastings.com
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1751

***Attorneys for Defendant***
***INDIEGOGO, INC.***

**DOWD BENNETT LLP**

*/s/ Milton P. Wilkins*
Milton P. Wilkins (admitted *pro hac vice*)
7676 Forsyth Boulevard, Suite 1900
St. Louis, MO 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
mwilkins@dowdbennett.com

Ben A. Barnes
Texas Bar No. 24092085
2100 Ross Avenue, Suite 955
Dallas, TX 75201
(214) 347-7346 (telephone)
(314) 863-2111 (facsimile)
bbarnes@dowdbennett.com

*Counsel for Defendant*
*L*ABEL *C*REATIVE, LLC

**KIRKLAND & ELLIS LLP**

*/s/ Ethan Joel Levinton*
Jeremy A. Fielding, P.C.
Texas Bar No. 24040895
jeremy.fielding@kirkland.com
Olivia Adendorff, P.C.
Texas Bar No. 24069994
olivia.adendorff@kirkland.com
Ethan Joel Levinton (admitted *pro hac vice*)
Texas Bar No. 24127309
ethan.levinton@kirkland.com
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 972-1784
Facsimile: (214) 972-1771

Allison W. Buchner (admitted *pro hac vice*)
allison.buchner@kirkland.com
2049 Century Park East
Suite 3700
Los Angeles, California 90067
(310) 552-4302

*Counsel for Defendant*
**KICKSTARTER, PCB**

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed in compliance with local rules. As such, this document was served on all known counsel who have consented to electronic service on this 8th day of October, 2025.

*/s/ Paul R. Genender*
Paul R. Genender

**Page 6 of 6**